# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RASHOND W. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-139 |
| | ) | |
| CHRISTOPHER MIDDLETON, | ) | |
| *Assistant Public Defender*, ROBERT | ) | |
| ATTRIDGE, *Assistant Public* | ) | |
| *Defender*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Rashond W. Baker brings this 42 U.S.C. § 1983

case against two public defenders who, he alleges, represented him in

state court criminal proceedings against him.[1]  Doc. 1.  He complains that

---

1   As Baker is proceeding *in forma pauperis*, docs. 3, 5 & 6, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a cognizable claim for relief.  *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  Allegations in the complaint are thus

they failed to demand a speedy trial for him, so he wants them to reimburse him for his lost wages and in-jail expenditures caused by the defendants' failure to press his speedy trial rights. *Id.* at 6.

Baker's case must be dismissed with prejudice because the defendants are not state actors within the meaning of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) ("[B]ecause [appointed counsel] was performing traditional lawyer functions in her representation of [plaintiff/defendant], she was not acting under color of state law. Therefore, [plaintiff/defendant] has no § 1983 cause of action against [appointed counsel] in connection with her representation of him."). Given the sheer frivolity of this claim, re-pleading is not warranted. *See*

---

viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

*Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *see also Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

Meanwhile, Baker must pay his $350 filing fee. His furnished account information shows that he has had a $10.00 average monthly balance in his prison account during the past six months. Doc. 4. He therefore owes a $2.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

  **SO REPORTED AND RECOMMENDED** this _12th_ day of August, 2015.

               _____
               **UNITED STATES MAGISTRATE JUDGE**
               **SOUTHERN DISTRICT OF GEORGIA**